UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EMEKA DOMINIC OKUNGWU

                         Plaintiff,                    23-CV-490JLS(Sr)

v.

CITY OF BUFFALO POLICE DEPARTMENT,

CITY OF BUFFALO, and

DETECTIVE MARCIA SCOTT,

                         Defendants.
_____

## ORDER

By letter dated November 12, 2024 and filed on the docket, counsel for the City of Buffalo and Buffalo Police Department advised the Court that defendant Marcia Scott was deceased and that counsel would attempt to ascertain the identity of the representative for her estate, which is assigned File #2024-2762 in Erie County Surrogates Court. Dkt. #16. The letter indicates that plaintiff received a copy of this letter by mail. Dkt. #16. This is sufficient to satisfy the requirement that a suggestion of death be served upon all parties in accordance with Rule 5 of the Federal Rules of Civil Procedure. *See Jones Inlet Marina, Inc. v. Inglima*, 204 F.R.D. 238, 240 (E.D.N.Y. 2001) (letter to the court copied to all parties and served by mail sufficient to trigger Rule 25(a)).

Pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, if a party dies and the claim is not extinguished, the court may order substitution of the proper

party. A "proper party" for substitution under Rule 25(a)(1) is either: (1) a successor of the deceased party – a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made; or (2) a representative of the deceased party – a person lawfully designated by state authority to represent the deceased's estate such as an executor/executrix or administrator/adminstratrix of deceased party's estate. *Billups v. West*, 95-CIV. 1146, 1998 WL 341939, at *1 (S.D.N.Y. June 26, 1998).

"A motion for substitution may be made by any party or by the decedent's successor or representative." Fed.R.Civ.P. 25(a). "If the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* Despite this mandatory language, the Court is authorized to extend the time in which to file a motion for substitution. *Kernisant v. City of N.Y.*, 225 F.R.D. 422, 427 (E.D.N.Y. 2005).

In light of plaintiff's *pro se* status, the Court exercises its discretion to extend the deadline for plaintiff to file a motion for substitution. *See Labounty v. Coughlin*, No. 93 Civ. 3443, 2003 WL 21692766, at *5 (S.D.N.Y. July 21, 2003) (holding that by reason of plaintiff's *pro se* status, the 90 day period ran from the date of entry of the Court's Order, and not upon service of the Suggestion of Death, which was served more than 90 days earlier), *citing*, *McCorkle v. Juchenwicz*, No. 94 CIV 6363, 1999 WL 163205, at *2 (S.D.N.Y. Mar.23, 1999) ("plaintiff is a pro se . . . litigant, and in all fairness cannot be expected to be conversant with the rules about substitution after the

-2-

death of a party, and in particular cannot be expected to know about Rule 25."). Accordingly, plaintiff shall file and serve a motion to substitute the representative of the estate of Marcia Scott as a defendant in this matter within **90 days** from the date of this Order or seek an extension of this deadline by motion demonstrating good cause for plaintiff's inability to do so. Plaintiff is warned that his failure to comply will result in the dismissal of this action as against defendant Marcia Scott without further order or notice to plaintiff.

Plaintiff is encouraged to seek the assistance of the Court's Pro Se Assistance Program by contacting the Erie County Bar Association Volunteer Lawyers Project at (716) 847-0662, extension 340 (Helpline).

**SO ORDERED.**

DATED:   Buffalo, New York
         February 28, 2025

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**